## SHRADER v. JOHNSON.

### [77 South. 301, Division B.]

EXECUTORS AND ADMINISTRATORS. *Appointment and removal. Discretion.*
   Where a party claiming to be the widow of deceased had been appointed administratrix of his estate, and afterwards another party claiming to be his only true and lawful widow petitioned for the removal of the first party and the appointment of herself as administratrix, it was proper for the court, in its discretion pending the settlement between the rival claimants, to remove the administratrix first appointed and appoint a third party administrator of the estate.

APPEAL from the chancery court of Sunflower county. HON. E. N. THOMAS, Chancellor.

Emma Shrader was removed as administratrix and J. W. Johnson appointed administrator, and Shrader appeals.

The facts are fully stated in the opinion of the court.

*J. B. Harris* and *Somerville & Somerville,* for appellant.

*S. F. Davis,* for appellee.

COOK, P. J., delivered the opinion of the court.

On the 30th day of June, 1915, R. M. Shrader died intestate. On July 10th of the same year one Emma Shrad-

er, claiming that she was the widow of the deceased, and his sole heir, filed her petition with the clerk of the chancery court asking that she be appointed as administratrix of the estate of the deceased. The prayer of the petition was sustained, and Emma was duly installed as administratrix. September 22d of the same year another woman filed her petition in the chancery court alleging that she was the sole and only widow of the deceased, and that his marriage to Emma was a pretended marriage, and she therefore prayed that Emma be removed as administratrix, and that she ("Addie") be installed in her stead. So it appeared that there were two claimants of the honor and profit which might accrue from being the widow of the deceased. Testimony was taken upon the issue thus presented, and the learned chancellor decided that the last-named claimant was the sole and only widow of the deceased.

Among the witnesses examined upon this issue was "Addie." "Emma" objected to her testimony upon the ground that her testimony was to establish her own claim against the estate of a deceased person "which originated during the lifetime of such deceased person." Section 1917, Code 1906. The chancellor overruled this objection, upon the theory that the claim did not originate during the lifetime of the deceased, relying upon the decision of this court in *Covington* v. *Frank,* 77 Miss. 606, 27 So. 1000. It seems to us that this question was not necessarily involved in the issue presented to the chancellor.

It appeared that the deceased was married to "Addie" some years before he is said to have married "Emma," and that he had never been divorced from "Addie." This was proven by several witnesses other than "Addie." So it was that it appeared that the deceased was claiming just one more wife than the law permitted him to enjoy. But the question as to who was the true wife might have been pretermitted to a final show-down when the claims against this estate would be the sole question for decision.

As we interpret this record, the chancellor was merely exercising his discretion about the removing of an administratrix, and we entirely approve his solution of the problem. He removed "Emma," but he refused to appoint "Addie." He appointed the clerk of his court to take charge of the estate to preserve the same pending the determination of the claims of the rival claimants to widowhood. We prefer not to express an opinion as to whether Addie was a competent witness to establish her marriage to the deceased at this stage of the game, as we believe that the chancellor properly removed "Emma," properly refused to install "Addie," and correctly appointed the clerk of his court.

The conclusion we have reached we think disposes of all of the other assignments of error, for the reason before stated that the chancellor was entirely right in clearing the deck, preserving the estate, for the final showdown.

*Affirmed.*